**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 6, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

------------------------

No. 03-60146
Summary Calendar

------------------------

AGHA SAAD ALI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 802 845
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Agha Saad Ali, a citizen of Pakistan, petitions for review of an order from the Board of Immigration Appeals ("BIA") adopting and affirming the immigration judge's ("IJ") decision denying his application for withholding of removal, filed pursuant to 8 U.S.C. § 1231(b)(3). Ali argues that the BIA erred by upholding the IJ's determination that he had failed to demonstrate that it was "more likely than not" that his life or freedom would be threatened because of his race, religion, nationality, membership in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

particular social group, or political opinion, if he were returned to Pakistan.

When the BIA, as here, adopts the IJ's decision, this court reviews the IJ's decision. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). The "substantial evidence" standard of review applies to the IJ's factual determinations, while questions of law are reviewed de novo. Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002). The substantial-evidence standard requires only that the decision have some basis in fact in the record and does not require this court to agree with the decision. Renteria-Gonzalez v. INS, 322 F.3d 804, 816 (5th Cir. 2003).

Substantial evidence support's the IJ's determination that Ali was not subjected to past persecution in that neither of two 1999 incidents described by Ali was directly connected to his political opinion. See Efe, 293 F.3d at 906; Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994); 8 C.F.R. § 208.16(b)(1)(i); 8 U.S.C. § 1231(b)(3)(A).

Ali has abandoned any contention made under the United Nations Convention Against Torture by failing to brief such claim in his petition for review. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

Ali's petition for review is DENIED.